## CIRCUIT COURT OF CRAIG COUNTY

Steven D. Hill

v.

Betty S. Kingrey

December 10, 1991

BY JUDGE DUNCAN M. BYRD, JR.

This matter was tried by a jury on August 26, 1991. After a verdict in favor of the plaintiff was returned, the defendant made a Motion to set aside the jury's verdict and requested leave to file a brief in support of his Motion. The final brief was filed on November 4, 1991.

The Court has reviewed the respective Memoranda of counsel in support of and in opposition to the Motion to set aside the jury's verdict. The legal standard that the Court must follow in this issue is clear.

The Court cannot set aside that verdict unless the verdict "is contrary to the evidence, or without evidence to support it." Code of Virginia, 1950, as amended, Section 8.01–430. The power conferred on the trial judge under Virginia Code § 8.01–430 to set aside a jury verdict:

> can only be exercised where the verdict is plainly wrong or without credible evidence to support it. If there is a conflict in the testimony on a material point, or if reasonable men may differ in their conclusions of fact to be drawn from the evidence, or if the conclusion is dependent upon the weight to be given the testimony, the trial judge cannot substitute his conclusion for that of the jury merely because he would have voted for a different verdict if he had been on the jury. The weight of a jury's verdict, when there is credible evidence upon which it can be based, is not overborne by the trial judge's disapproval.

*Lane v. Scott,* 220 Va. 578, 581, 260 S.E.2d 238, 240 (1979) (citation omitted), *cert. denied,* 446 U.S. 986 (1980).

The law of negligent entrustment is discussed in the *Restatement (Second) of Torts* (1965) in §§ 302, 302A, 302B, 308, 318 and 390. An act or omission may be negligent where an actor realized or should realize that it involves an unreasonable risk to a third party resulting through the actions of another, even if the other party intends to cause harm by a criminal act. *Id.* at § 302B. Whether the actor took reasonable action to prevent harm to third parties is determined as in other cases of negligence — by balancing the magnitude of risk (after considering past conduct and tendencies of the one using the weapon after the gravity of the possible harm) against the social utility of the actor's conduct. *Id.* at § 302B, Comment f.

Additionally, an actor can be found negligent if she permits another person to use a possession under her control if she knows or reasonably should know that the person is likely to use the object in a manner that may cause grave harm to others. *Id.* at § 308.

The Court has *carefully* considered the evidence in this case, and while it acknowledges that it is a close call, the Court is of the opinion that in this case, there was sufficient evidence from which the jury could conclude that:

1. The Defendant provided access to a firearm and implicitly gave her husband permission to use it;

2. The Defendant knew of her husband's propensity to misuse firearms to endanger the lives of others; and,

3. The Defendant's entrustment of the firearm was the proximate cause of the injury.

The Court will deny the Defendant's Motion to set aside the jury verdict and grant final judgment in favor of the Plaintiff.